THOMAS Y. HACKETT v. JOSEPH N. MAYHEW.

Argued June 7, 1898—Decided November 7, 1898.

1. At a township election fourteen ballots were cast, on which a person had written his own name as a candidate, in a blank space left under the words "Chosen Freeholder," as printed on the ballots. *Held,* that the question whether these ballots were invalid as marked ballots was one of fact for the Circuit Court, in proceedings under section 100 of the Election law, and that the decision of that court thereon could not be reviewed by this court on appeal under section 113.

2. In a petition to the Circuit Court contesting an election on the ground that legal ballots had been rejected by the election officers, the reason for such rejection need not be stated.

3. In an affidavit verifying such a petition, the circumstances of the case need not be set forth.

On appeal in matter of contested election.

Before Justices DIXON, LUDLOW and COLLINS.

For the appellant, *John W. Acton* and *Howard Carrow.*

For the respondent, *J. Forman Sinnickson* and *William T. Hilliard.*

The opinion of the court was delivered by

DIXON, J. In this case Joseph N. Mayhew, proceeding under section 100 (amended by section 342) of the Election law (*Gen. Stat., p.* 1292), contested the election of Thomas Y. Hackett to the office of chosen freeholder in the county of Salem. The Circuit Court having pronounced judgment in favor of the contestant, Hackett has appealed to this court under section 113, insisting, first, that illegal ballots rejected by the election officers were counted for the contestant by the court; second, that the original petition in the case was insufficient; and third, that the affidavit to the petition was insufficient.

*First.* The ground for insisting that the disputed ballots, fourteen in number, were. illegal, is that they having been printed with a blank space left under the title of the office, " Chosen Freeholder," the contestant had, with black ink, written his own name as the candidate in that space.

The election was held in the township of Upper Pittsgrove, and therefore, according to section 319, the ballots used were not " official," but were furnished by the candidates or other interested parties. This section prescribes how the ballots shall be printed, and declares that, if any ballot shall have, either on its face or back, any mark, sign, designation or device, whereby such ballot can or may be thereafter identified or distinguished, or if the ink or lead pencil used in writing any name upon the ballot be of any other color than black, or if any paster, other than those printed with black ink on white paper, be used, then the ballot shall be invalid.

It is undoubtedly the duty of the courts to enforce these provisions just as they were enacted (*Chandless* v. *Day,* 27 *Vroom* 682), but courts will not go beyond them to defeat the expressed will of the voter because of a mere irregularity. The only fatal inhibition which in the present case might be supposed to have been violated, is that against a distinguishing mark. But, as the contestant had written his name in the same manner on fourteen ballots, it became a question of fact whether that writing was a distinguishing mark for any particular ballot. Had he so written his name upon every ballot cast, it is scarcely supposable that the name would have afforded any means of distinction; had he so written it on only one, the means of distinction would have been plain ; as the writing appeared upon several ballots, a case was made which called for the determination of a question of fact, by a tribunal to which the law had entrusted the finding of facts. In the proceeding now before us, this tribunal is the Circuit Court. By the express words of the statute, the appeal to this court brings up " error of law only," and we do not perceive that such error has been committed in the conclusion of the Circuit Court that these ballots ought to be counted.

*Second.* The petition is objected to because it does not state the reason for the rejection of these ballots by the election officers.

We think that was not required. The reason might not have been discoverable. And even if it had been stated in the petition, it would not have been important, for the issue at the trial below would still be, not whether the reason was bad, but whether the rejection of the ballots was illegal. The petition fairly states circumstances by which the ballots in dispute could be ascertained, and assumed the burden of showing that those ballots should have been counted for the contestant.

We deem the petition sufficient.

*Third.* The objection to the affidavit is that it does not set forth the particulars of the case. This is not necessary. It is enough that the particulars are set forth in the petition. The verification by the affidavits is positive and absolute, and the circumstances alleged in the petition indicate that the affiants had direct knowledge of the matters averred.

The judgment of the Circuit Court is affirmed.